UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-cv-61813 –GRAHAM/O'SULLIVAN

MICHAEL P. BRANNON, Psy.D.,
individually, MICHAEL P. BRANNON,
Psy.D., P.A., a Florida professional
services corporation, and INSTITUTE
FOR BEHAVIORAL SCIENCES AND
THE LAW, LLC, a Florida limited
Liability company,

        Plaintiffs,

v.

HOWARD FINKELSTEIN, in his
official capacity as Broward
County Public Defender,

        Defendant.
_____/

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S FIRST AMENDED PRIVILEGE LOG

    Counsel for the Defendant, HOWARD FINKELSTEIN, pursuant the Honorable Magistrate Judge O'Sullivan's Discovery Order dated June 1, 2012, Fed. R. Civ. P. 26, and Local Rule 26.1, hereby files this memorandum of law in support of Defendant's First Amended Privilege Log, contemporaneously with the documents at issue for an *in camera* inspection, and in support thereof states:

1. Defendant's First Amended Privilege Log was provided to counsel for the Plaintiffs on or around February 29, 2012 by Defendant's former counsel, Assistant Attorney General John Bajger of the Attorney General's Office of West Palm Beach.

2. Defendant's First Amended Privilege Log states that pursuant to Fed. R. Civ. P. 26(b)(5) the documents listed therein are withheld based upon attorney/client

privilege and/or work product doctrine.

3. Defendant maintains that the documents listed in Defendant's First Amended Privilege Log are entitled to:

    a. Work product privilege in this case; and/or

    b. Attorney/client privilege between Defendant and his counsel in this case; and/or

    c. Work product privilege for the Public Defender's Office of Broward County's clients; and/or

    d. Attorney/client privilege for the Public Defender's Office of Broward County's clients.

4. Any and all email correspondence to or from the email address "Spiraldance@bellsouth.net" does not break either work product privilege or attorney/client privilege in this case or for the Public Defender's clients, as this is the personal email address of Catherine Keuthan, the Executive Chief Public Defender.

5. The following is an explanation of the names found in the First Amended Privilege Log:

    a. Employees of the Public Defender's Office of Broward County:

        i. Howard Finkelstein: Public Defender

        ii. Catherine Keuthan: Executive Chief Assistant Public Defender

        iii. Diane Cuddihy: Executive Chief Assistant Public Defender

        iv. Frank Delatorre: Chief Public Defender

        v. Steven Michaelson: Chief Public Defender

        vi. Susan Porter: Chief Public Defender

      vii. Renee Dadowski: Chief Public Defender

    viii. Lynn Desanti: Chief Public Defender

       ix. Gordon Weeks: Chief Public Defender

        x. Owen Macnee: Chief Public Defender

       xi. Robert Wills: Chief Public Defender

      xii. Melisa McNeil: Assistant Public Defender

    xiii. Betsy Benson: Assistant Public Defender

    xiv. George Reres: Assistant Public Defender

     xv. Gina Panza: Assistant Public Defender

    xvi. Elizabeth McHugh: Administrative Director for the Office of Public Defender

   xvii. Doug Brawley: Retired Chief Public Defender

b. Risk Management Employees:

        i. Chris Taul: Risk Management Program Specialist for Risk Management for the State of Florida

       ii. Del Harrison: Risk Management Program Specialist for Risk Management for the State of Florida

c. Attorneys consulted outside of Public Defender's Office

        i. John Bajger: Assistant Attorney General, Defendant's former counsel

       ii. Kathleen Savor: Assistant Attorney General, Defendant's former counsel

      iii. Michael Wrubel: Private attorney consulted by Defendant regarding this lawsuit prior to the Attorney General's Office's

retention in this matter

iv.   Cullin O'Brien: Private attorney consulted by Defendant regarding this lawsuit prior to the Attorney General's Office's retention in this matter

## **MEMORANDUM OF LAW**

### a.  **Work product in 10-cv-61813**

Defendant asserts that the following documents listed in the First Amended Privilege Log are protected by the work product doctrine as they were prepared in furtherance of this case, or in anticipation of this litigation: 48, 49, 58, 69, 73, 81, 84, 85, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 102, 104, 105, 106, 107, 178, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, and 193.

The Southern District of Florida has instructed how to determine what constitutes materials protected by the work product doctrine:

> The work product doctrine is distinct from and broader than the attorney-client privilege, and it protects materials prepared by the attorney, whether or not disclosed to the client, as well as materials prepared by agents for the attorney . . . The critical consideration in evaluating a claim for work product material is whether the primary motivating purpose behind the creation of the document was to aid in possible future litigation.

Gentry v. Carnival Corp., 2012 U.S. Dist. LEXIS 64269 at *6-7 (S. D. Fla.) (Internal citations omitted). *See also*, Roatan Cruise Terminal, S.A. de S.V. v. HPA, Inc., 2011 U.S. Dist. LEXIS 109223 (S. D. Fla.) (finding a non-party had satisfied its burden of showing the primary motivating factor in preparing the documents at issue was to aid in possible future litigation).

The above referenced emails are between John Bajger, as former counsel for the Defendant, and Mr. Finkelstein, or Mr. Finkelstein and one or more of the above

4

referenced employees of the Public Defender's Office with the primary motivating purpose in creating them as being in anticipation of this litigation, as such these correspondences are protected by the work product doctrine. Additionally, as the work product doctrine is not limited to documents drafted after the filing of the Plaintiffs' Complaint herein, any and all correspondence regarding the strategy used to draft the Department of Health Complaint that was filed by the Defendant on behalf of the Public Defender's Office against the Plaintiff constitutes work product as it directly relates to this case.[1]

### b. Attorney/client privilege in 10-cv-61813

Defendant asserts that the following documents listed in the First Amended Privilege Log are protected by attorney/client privilege: 58, 73, 85, 88, 89, 90, 94, 96, 97, 98, 99, and 100. The Southern District of Florida is clear in its description of what is protected by this privilege:

> The attorney-client privilege protects confidential communications between a lawyer and his client for the purpose of obtaining legal advice. Thus, material involving confidential communications between the attorney or the client which fall within the purview of the privilege are rendered immune from discovery. Ordinarily, the attorney-client privilege attaches only to the content of communications not to matters concerning identity or procedure.

In re Sahlen & Assoc., Inc., 1990 U.S. Dist. LEXIS 18793 *5-6 (S. D. Fla.) (Internal citations omitted). Further, when the communication is outside the attorney-client dynamic, the privilege is not automatically lost:

> Generally, disclosing attorney-client communications to a third party undermines the privilege. However, an exception to this general rule exists for third parties employed to assist a lawyer in rendering legal advice. Courts have recognized that because the practice of law has increasingly grown

---
[1] Plaintiff's Complaint directly address the Department of Health Complaint. (D. E. 6, p. 2)

5

> more complex, attorneys cannot function effectively without the help of others . . . the key requirement is that the communications are made for the purpose of obtaining legal advice from counsel, rather than financial advice from the third party..

Great Lakes Transp. Holding LLC v. Yellow Cab Service Corp. of Fla., 2011 U.S. Dist. LEXIS at *25-26 136966 (S. D. Fla.) (internal citations omitted). All parties listed in documents 58, 73, 85, 88,89, 90, 94, 96, 97, 98, 99, and 100 are either attorneys giving legal advice in conjunction to the case at bar, or the attorneys within the Public Defender's Office discussing their impressions of the advice obtained from counsel. As such, these documents are protected by attorney/client privilege and the Defendant should not be required to waive this privilege by providing these documents to Plaintiffs' counsel.

### c. **Work product for the Public Defender's clients**

Defendant asserts that the following documents listed in the First Amended Privilege Log are protected by the work product doctrine as they were prepared in anticipation of litigation for cases handled by the Broward County Public Defender's Office on behalf of clients of the Broward County Public Defender's Office: 51, 57, 74, 75, 76, 77, 79, 103, 113, 146, 177, 179, and 192.

The Public Defender's Office of Broward County, as a public law firm, has the duty to diligently represent each of its clients. As such, the Public Defender's Office has the right to maintain internal communications regarding each of its cases under the protection of the work product doctrine, like any other law firm. It is well established that internal communications within law firms regarding case strategy is considered work product. The Supreme Court has instructed:

> Proper preparation of a client's case demands that he assemble information, sift what he considers to be the

6

> relevant from the irrelevant facts, <u>prepare his legal theories and plan his strategy without undue and needless interference</u>. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways - aptly though roughly termed by the Circuit Court of Appeals in this case as the 'work product of the lawyer.'

<u>United States v. Nobles</u>, 422 U.S. 225 (1975) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947) (emphasis added), *see also* <u>Klein v. FPL Group</u>, Inc., 2003 U.S. Dist. LEXIS 19979 (holding the law firm is not required to provide a privilege log with respect to its internal communications**,** as no showing has been made that would justify the production of this work product).

Furthermore, conversations that attorneys have with experts are considered work product, and are thus protected by the doctrine, see <u>Rose v. State</u>, 591 So. 2d 195 (Fla. 4th DCA 1991) (stating the discussion of defense strategy [with an expert] falls within a work product privilege granted under Florida Rule of Criminal Procedure 3.220(g)(1)). The natural result of this is that a law firm's internal communications regarding the retention of experts is also work product. The Defendant's status in this case does not obviate the right of the Public Defender's clients to an effective and fair representation. Therefore, the Defendant should not be required to produce these documents.

### d. <u>Attorney/client privilege for the Public Defender's clients</u>

Defendant asserts that the following documents listed in the First Amended Privilege Log are protected by attorney/client privilege on behalf of clients of the Broward County Public Defender's Office: 57, 118, 177, and 180. As with the work

7

product doctrine, law firms maintain an attorney-client privilege with respect to internal communications, so long as the privilege is not waived. See Zarrella v. Pac. Life Ins. Co., 2011 U.S. Dist. LEXIS 63216 (S. D. Fla.), in which the "plaintiff sought production of the opinion letters [drafted by the defendant, as a firm], as well all documents surrounding the defendant's solicitation of the opinions, internal communications, and statements of the defendant's in-house patent counsel, arguing that defendant had waived the attorney-client privilege." While this case is off-point as the crux is whether the defendant had waived the privilege, it clearly shows that internal communications within law firms is protected by the attorney client privilege as it would when it is a client speaking to an individual attorney. The documents at issue herein are internal communications within the Public Defender's Office of Broward County concerning the Public Defender's Office of Broward County's clients and as such, should be afforded the work product privilege as held in Zarrella. It would be a violation of the Public Defender's clients' rights to effective counsel to mandate these documents be produced.

Further, neither the Defendant nor the Public Defender's Office of Broward County hold the attorney/client privilege, but rather it is the clients who hold the privilege. "The attorney-client privilege is a common law privilege that protects confidential communications between the lawyer and the client in securing legal advice ... The privilege belongs to the client and only she can waive it. Fla. Stat. Ann. § 90.502(3)." In re Federal Grand Jury Proceedings re Klausner, 975 F.2d 1488 (11th Cir. 1992). As the clients of the Public Defender's Office of Broward County have not waived this privilege, the Defendant should not be required to produce these documents.

## **CONCLUSION**

It is the Defendant's position that the First Amended Privilege Log properly asserts either work product or attorney client privilege, either for this case or for the cases in which the Public Defender's Office has been retained as counsel. Defendant has made a clear showing as to why these documents are privileged, and the Honorable Judge O'Sullivan's review of the documents at issue will make this clear.

Wherefore, Defendant, Howard Finkelstein, respectfully requests this Honorable Court, upon the in camera inspection of the documents at issue, to uphold Defendant's First Amended Privilege Log as it stands and to allow the Defendant to maintain the work product and attorney client privilege as addressed above.

Respectfully submitted,

s/Alicia Lyons Laufer
Alicia Lyons Laufer, Esq.
Florida Bar No. 414336
alaufer@lauferlawyers.com
LAUFER & LAUFER, PA
2200 NW Corporate Blvd, Suite 404
Boca Raton, FL 33431
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Alicia Lyons Laufer
Alicia Lyons Laufer
Florida Bar No. 414336

## SERVICE LIST
**Michael P. Brannon, et al. v. Howard Finkelstein.**
Case 10-cv-61813-Graham/O'Sullivan
United States District Court, Southern District of Florida

William R. Amlong, Esq.
Amlong and Amlong, P.A.
**Counsel for Plaintiffs**
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
954-462-1983 Telephone
EMAIL:WRAmlong@theAmlongfirm.com
   [CM/ECF]