UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61813-CIV-GRAHAM/O'SULLIVAN

MICHAEL P. BRANNON, Psy. D.,
individually, MICHAEL P. BRANNON,
Psy. D., P.A., a Florida professional
services corporation; and INSTITUTE
FOR BEHAVIORAL SCIENCES AND
THE LAW, LLC, a Florida limited
liability company,
    Plaintiffs,
v.

HOWARD FINKELSTEIN, in his
official capacity as Broward County
Public Defender,
    Defendant.
_____/

**ORDER**

THIS MATTER comes before the Court on the Plaintiffs' Memorandum re: Application of Crime-Fraud-Tort Exception to Defendant Howard Finkelstein's Privilege Claims (DE # 109, 9/6/12) and the defendant's Notice of Filing Defendant's Memorandum of Law in Support of Documents # 88, 90, and 99 as Being Privileged (DE # 110, 9/6/12). Having reviewed the applicable filings and law, the undersigned enters the following order.

**DISCUSSION**

**1. Communications with Mr. Wrubel**

The defendant claims that three (3) communications between Mr. Wrubel and the defendant in this matter are privileged under the attorney client privilege and should not be turned over to the plaintiff. With respect to the attorney client privilege, the Middle District of Florida, in the case of Provenzano v. Singletary, 3 F.Supp.2d 1353 (M.D.Fla.,1997), by citing to other sources, indicated that

> [t]he privilege is only available when all the elements are present, i.e. " '(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the

> communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived.' 8 Wigmore, Evidence § 2292 at 554 (McNaughton rev.1961)." *International Tel. & Tel. Corp. v. United Tel. Co. of Florida,* 60 F.R.D. 177, 184–85 (M.D.Fla.1973); *see also Modern Woodmen of America v. Watkins,* 132 F.2d 352, 354 (5th Cir.1942) ("The privilege, however, does not extend to every statement made to a lawyer. If the statement is about matters unconnected with the business at hand, or in a general conversation, or to the lawyer merely as a personal friend, the matter is not privileged.").

Id, at 1366.

The initial complaint in this matter was filed on September 29, 2010, against Mr. Finkelstein in his official capacity.  Document number 99, an e-mail from Mr. Wrubel to the defendant, is dated Sunday, October 3, 2010.  Document number 90 is an email communication dated Monday, October 18, 2010, from Mr. Wrubel to the defendant.  Document number 88 is an e-mail communication dated Wednesday, October 20, 2010, from Mr. Wrubel to Mr. Finkelstein, which was also sent to four (4) other individuals.  The attorney general was appointed in this matter on October 6, 2010.  Two (2) of the communications, numbers 88 and 90, were made after the Attorney General was assigned to this case and all three (3) documents were made prior to the defendant being sued in his individual capacity.  On November 8, 2010, an Amended Complaint was filed in this matter reflecting the suit was against the defendant individually as well as in his official capacity.  The defendant argues that the three (3) aforementioned documents (88, 90, and 99) are privileged communications between an attorney and his client.  The defendant further argues that because the defendant is being sued in his individual capacity, his consultations with private counsel are not subject to discovery.

Mr. Wrubel and Mr. Finkelstein have a friendship that dates back quite some time.  The

2

undersigned finds that the communications between Finkelstein and Wrubel, including the October 3, 2010, communication, were those of friends who both happen to be attorneys. In his affidavit dated September 6, 2012, attorney Wrubel indicates that he was acting in a legal capacity on Mr. Finkelstein's behalf. In his affidavit dated September 6, 2012, Mr. Finkelstein indicates that he believed Mr. Wrubel was acting in a legal capacity on his behalf. In Mr. Finkelstein's deposition, however, Mr. Finkelstein indicates that Mr. Wrubel never participated in the defense of this action. The undersigned finds that the communications between Mr. Wrubel and Mr. Finkelstein were communications between friends, not privileged communications, and should be provided to the plaintiff.

## 2. Crime-Fraud-Tort Exception

The plaintiff argues that the Crime-Fraud-Tort exception applies to certain documents over which the defendant claims a privilege. Citing to other sources, the Eleventh Circuit in the case of In re Federal Grand Jury Proceedings 89-10, 938 F.2d 1578 (11th Cir. 1991), noted that

> "[t]he attorney-client privilege does not protect communications made in furtherance of a crime or fraud." *In re Grand Jury Investigation (Schroeder),* 842 F.2d 1223, 1226 (11th Cir.1987). A determination of whether the crime-fraud exception applies involves application of a two part test:
>
> First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it. *Id.*

In re Federal Grand Jury Proceedings 89-10, at 1581.

In this case, the plaintiff asserts that document numbers 48, 49, and 178 are not privileged because the Crime-Fraud-Tort exception applies. Those documents relate to a complaint to the Florida Department of Health by the defendants regarding the plaintiff. The

3

undersigned finds that the plaintiff has not provided sufficient evidence to apply the Crime-Fraud-Tort exception to those documents. The plaintiff has failed to make a prima facie showing that the defendant engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. The Crime-Fraud-Tort exception does not apply to document numbers 48, 49, and 178.

### RULING

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the documents numbered 88, 90, and 99 are not privileged and shall be turned over to the plaintiffs. It is further

ORDERED AND ADJUDGED that document numbers 48, 49, and 178 are privileged and do not need to be turned over. It is further

ORDERED AND ADJUDGED that the documents ordered to be produced herein shall be produced by the close of business on or before October 12, 2012.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 9th day of October, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Graham
All Counsel of Record