UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61813-CIV-GRAHAM/O'SULLIVAN

MICHAEL P. BRANNON, Psy. D.,
individually, MICHAEL P. BRANNON,
Psy. D., P.A., a Florida professional
services corporation; and INSTITUTE
FOR BEHAVIORAL SCIENCES AND
THE LAW, LLC, a Florida limited
liability company,
    Plaintiffs,
v.

HOWARD FINKELSTEIN, in his
official capacity as Broward County
Public Defender,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendant's Bill of Costs (DE # 139, 11/6/12) and the Defendant's Motion for Entitlement to Attorney's Fees (DE #146, 11/29/12). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Donald L. Graham, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Having carefully reviewed the filings and applicable law, the undersigned recommends that the Defendant's Bill of Costs (DE # 139, 11/6/12) be **GRANTED in part and DENIED in part** in accordance with this Report and Recommendation and the Defendant's Motion for Entitlement to Attorney's Fees (DE #146, 11/29/12) be **DENIED** in accordance with this Report and Recommendation.

## BACKGROUND

The plaintiffs filed the initial complaint in this matter against the defendant on

September 29, 2010, (DE # 1, 9/29/10).  The plaintiffs filed the first amended complaint on November 8, 2010, (DE # 6, 11/8/10).  This case was a first amendment retaliation claim in which the plaintiffs alleged retaliation by the defendant against the plaintiffs because of the individual plaintiff's testimony at a Judicial Qualifications Commission hearing in favor of a sitting state-court judge.  On October 16, 2012, the District Court issued an Order (DE # 137, 10/16/12) granting the defendant's Motion for Summary Judgment, closing the case and denying all pending motions as moot.  Judgment was entered in favor of the defendant and against the plaintiffs.

The defendant filed a Bill of Costs on November 6, 2012, (DE # 139, 11/6/12).  On November 21, 2012, the plaintiffs filed a response to the Bill of Costs (DE # 142, 11/21/12).  The defendant filed a reply to the plaintiffs' response to the Bill of Costs on November 28, 2012, (DE # 144, 11/28/12).  The plaintiffs filed a sur-reply on December 24, 2012, (DE # 151, 12/24/12).  On November 29, 2012, the defendant filed the Defendant's Motion for Entitlement to Attorney's Fees (E # 146, 11/29/12).  On December 17, 2012, the plaintiffs filed the Plaintiffs' Response to Defendant's Motion for Entitlement to Attorney's Fees (DE # 150, 12/17/12).  On December 24, 2012, the defendant filed the Defendant's Reply to Plaintiff's Response to Defendant's Motion for Entitlement to Attorney's Fees (DE # 152, 12/24/12).

## ANALYSIS

I. Fees

The defendant seeks fees under 42 U.S.C. section 1988, as a prevailing defendant in civil rights litigation.  See DE # 146, 11/29/12. The defendant is the prevailing party because the District Court issued an Order granting the defendant's

2

Motion for Summary Judgment, closing the case and denying all pending motions as moot.  Moreover, Judgment was entered in favor of the defendant and against the plaintiffs.  Under section 1988(b), in a proceeding to enforce a provision of section 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee. . . ." 42 U.S.C. §1988.  A prevailing defendant is not entitled to recover fees from a plaintiff in a 42 U.S.C. §1983 action "unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

Although succeeding on a summary judgment is a significant consideration, it is not conclusive of whether the plaintiff's claim was frivolous or unreasonable. See, e.g., Ruszala v. Walt Disney World Co.,132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000).  "In determining whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation. . . ." Sullivan v. School Bd. Of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (internal citation and quotations marks omitted).

The defendant argues that "Judge Graham's additional determination that the Plaintiffs failed to present evidence to counter Mr. Finkelstein's evidence supports Mr. Finkelstein's position that under 42 U.S.C. § 1988 the Plaintiff's claims are unreasonable and without foundation as set forth in Sullivan." (Defendant's Motion for Entitlement to Attorney's Fees (DE #146, 11/29/12 at p. 4)).  The undersigned disagrees.  While the District Court did grant summary judgment in favor of the defendant, the Court also noted that "Brannon's removal from the expert witness wheel rotation suffices in creating a triable issue regarding whether adverse conduct took

3

place." (Order Granting Summary Judgment (DE # 137, 10/16/12 at p. 10). The undersigned finds that the inclusion of the language "suffices in creating a triable issue regarding whether adverse conduct took place" indicates that the plaintiffs' case was not frivolous or without merit. The plaintiffs were reasonable in bringing the case, the case was not frivolous, and the defendant is not entitled to recover attorney's fees under 42 U.S.C. §1988.

II. Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorneys' fees "should be allowed to the prevailing party unless a federal statute, the Federal Rules, or a court order provide otherwise." See Fed. R. Civ. P. 54(d)(1).

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgement is rendered is the prevailing party for purposes of rule 54(d) . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)). A presumption exists that the prevailing party is entitled to receive costs but allows the court to decide otherwise in its discretion. Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000). A district court may deny full costs if there is a sound basis for such a decision and the reason is stated by the court. Id. at 1039; See also Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984)); Cherry v.

Champion Int'l Corp., 186 F.3d 442,446 (4th Cir. 1999).  A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238 (11th Cir. 2002); see also Santana v. Blue Ribbon Meats, Inc., No. 02-21089-CIV, 2003 U.S. Dist. LEXIS 25642, at *5 (S.D. Fla. July 3, 2003).  This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded.  Choctawhatchee, 298 F.3d at 1248.

28 U.S.C. § 1920 enumerates the costs that may be taxed at the discretion of the courts.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs,

absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  This Court is bound by the limits of 28 U.S.C. § 1920 in awarding costs and fees to a prevailing party, absent contract or explicit statutory authority to the contrary. Id.  In this matter, the undersigned finds that the defendant is the prevailing party because summary judgment was entered in favor of the defendant.  Accordingly, the defendant is entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

The plaintiffs argue that the defendant's Bill of Costs is flawed, because: 1) the defendant failed to attach invoices evidencing the costs claimed were actually incurred; 2) the defendant makes a potential attempt to improperly tax the costs of both written and videotaped deposition transcripts; 3) the defendant does not say why the copies were necessary in the case; and 4) the defendant sought docket fees for electronically filed documents.[1]  In the reply, the defendant explains that the four issues above "would have been clarified by request of Plaintiffs' counsel prior to the filing of Defendant's Bill of Costs." (Reply, (DE # 144) at p. 2.)  Attached to the reply, the defendant submitted the invoices and documents in support of the amounts requested in the Bill of Costs. The undersigned finds that the attachment of the invoices to the reply remedies the lack of invoices attached to the Bill of Costs.

The defendant requests a total of $10,118.89[2] in costs in this matter.  The

---

[1] The defendant withdrew the request for docket fees in his reply.

[2] The defendant initially requested a total of $10,146.39 in the Bill of Costs.  In the Defendant's Reply to Plaintiffs' Response to Defendant's Bill of Costs (DE # 144, 11/28/12),the defendant agreed to withdraw the request for costs associated with docket fees in the amount of $27.50, thereby reducing the requested amount of costs in this matter to $10,118.89.

undersigned recommends costs be awarded as outlined below.

1. **Fees for Service of Summons and Subpoena**

The defendant seeks reimbursement in the amount of $325.00 for costs associated with the service of summons and subpoena. In the response to the Bill of Costs, the plaintiffs argue that the defendant is not entitled to these costs because the defendant did not provide invoices in support of the request which is above the amount that is charged by United States Marshal's office. The undersigned disagrees. "[F]ees of the clerk and marshal" are recoverable under 28 U.S.C. § 1920(1). The Court notes that "private process server fees may be taxed"[3], W&O, 213 F. 3d at 623, and an award of costs is in the discretion of the Court. Just because an individual's transcript was not filed, does not mean that service on that individual was not necessary. Here, the undersigned finds that the defendant submitted adequate documentation and the requested $325.00 for the service of summons and subpoenas is reasonable in this matter. The undersigned finds that the defendant is entitled to recover **$325.00** in costs for the fees for service of summons and subpoena.

2. **Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

The defendant requests $9,410.09 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The plaintiffs initially argued that the defendant failed to meet his burden in demonstrating that the transcripts were necessarily obtained for use in the case by failing to provide supporting documentation.

---

[3] The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

In the sur-reply, the plaintiffs object to $4,050.51 of the requested $9,410.09.  The plaintiffs' transcript objections stem from certain charges made with respect to the deposition of Elizabeth Scherer, the deposition of  Gregg Rossman, the deposition of Michael Gottlieb, the deposition of the Honorable Ian Richards, the deposition of Victor Tobin, the deposition of Sherrie Bourg-Carter, the deposition of Michael Brannon, the June 26, 2012, hearing transcript in front of Judge Graham, the expedited transcripts of Shari Belt-Tate and Scott Raft, and the video fees for the depositions of Shari Belt-Tate and Scott Raft.

28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2001) ("deposition costs [are] allowable where there is no evidence that the depositions were not related to an issue in the case when the depositions were taken").  Whether the transcripts were used at trial or in the summary judgement motion is not the relevant inquiry.  The appropriate inquiry in this circuit is whether the deposition related to an issue in the case.  The transcripts were necessarily obtained for use in the case.  The undersigned does find that some of the charges requested by the defendant associated with the transcripts are not permitted under 28 U.S.C. § 1920.

The case law is clear that certain expenses related to transcripts are not taxable. See Licausi v. Symantec Corp., 2009 WL 3177566 (S.D. Fla., 2009) at *3 (citations omitted) (holding that costs for "expedited or condensed transcripts, compressed and mini script versions, and CD ROM's with ASCII" are not taxable under § 1920); Muldowney v. MAC Acquisition, LLC, No. 09-22489, 2010 WL 3385388 at *3 (S.D. Fla.

July 30, 2010) (deducting rush fees from costs because they were for the convenience of the defendants); Johnson v. Communications Supply Corp., No. 05-60510, 2006 WL 3709620, at *2 (S.D. Fla. Dec. 14, 2006) (removing rush fees, same-day service fees, and Federal Express fees in the award of costs). The undersigned recommends that the requested award be reduced for items deemed as unnecessary by this court, including expedited charges, condensed transcripts and, ASCII disks. See Licausi, 2009 WL 3177566 at *3 (citation omitted). The undersigned does not recommend any reductions for shipping and handling.[4]

With respect to the depositions of Elizabeth Scherer, Gregg Rossman, Michael Gottlieb, Victor Tobin, Sherrie Bourg Carter, and Michael Brannon, the undersigned finds that the defendant is not entitled to recover the $39.00 he requests for the "CD Depo Litigation Package" for each of these depositions. These costs were for the convenience of the defendant and should not be awarded. A reduction of $39.00 for six (6) depositions results in a reduction of $234.00.

The defendant is also not entitled to recover the costs associated with the scanning charge that appears on some of the deposition invoices. The defendant requests reimbursement in the amount $2.55 for scanning costs associated with the deposition of Elizabeth Scherer, $4.25 for scanning costs associated with the deposition of Gregg Rossman, and $67.15 for scanning costs associated with the

---

[4]"While a conflict in the Eleventh Circuit exists regarding whether a party can recover for costs relating to . . . the delivery fees for postage and handling of a transcript, in light of the Plaintiff's failure to object to these costs and some support in the case law for recovery of these costs" the Court awarded costs for postage and handling associated with the transcripts. Monelus v. Tocodrian, Inc., 609 F.Supp. 2d 1328, 1339 (S.D. Fla. 2009).

deposition of Sherrie Bourg Carter. These costs were for the convenience of the defendant and are not permitted under 28 U.S.C. § 1920. The undersigned recommends a reduction in the amount of $73.95 ($2.55 + $4.25 + $67.15 = $73.95) for these costs.

The plaintiff objects to the appearance fees charged by the court reporters and in support of the objection, the plaintiff cites to the case of Smith v. Naples Community Hosp., Inc., 2011 U.S. Dist. LEXIS 37104, (M.D. Fla. 2011). When discussing "Witness and Service Costs" in his Order, Judge Steele wrote "[a]s a preliminary matter, the Court finds no basis to tax the costs associated with the court reporter's presence. The court reporter was not served with a subpoena or summons, was not a witness in the case, and was otherwise compensated for the transcripts themselves." Smith, 2011 U.S. Dist. LEXIS 37104 at * 6. The undersigned finds that court reporter attendance fees are permitted. In the case of Crouch v. Teledyne Continental Motors, Inc., 2013 WL 203408 (S.D. Ala), the Court awarded court reporter attendance fees based on the ruling in Byrd v. Auburn University at Montgomery, 2007 WL 1441161 (M.D. Ala. 2007). The Byrd Court opined that court reporter attendance fees may be recovered pursuant to 28 U.S.C. § 1920(2). See Byrd v. Auburn University at Montgomery, 2007 WL 1441161, *1 (M.D. Ala. 2007). Moreover, "[r]ecoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem." Duchateau v. Camp Dresser & McKee, Inc., 2012 WL 1069166, *2 (S.D. Fla. 2012), (citing Ferguson v. Bombardier Servs. Corp., 2007 WL 601921, at *4 (M.D. Fla. 2007). The undersigned finds that the defendant should recover the attendance fees of the court reporters in this matter.

The defendant requests reimbursement in the amount of $50.00 each (for a total of $100.00) for e-mailed PDF files associated with the depositions of George Reres and Howard Finklestein.  It appears that these PDF files were for the convenience of the defendant, and, therefore, the defendant should not recover these costs.  The undersigned recommends a reduction in the amount of $100.00 for the costs associated with the e-mailed PDF files discussed above.

The defendant also requests recovery for a "3-day Expedited Transcript" cost associated with the depositions of both Shari Belt-Tate and J. Scott Raft.  The expedited cost associated with the deposition of Shari Belt-Tate is $198.00 and the expedited costs associated with the deposition of J. Scott Raft is $252.00.  As discussed above, recovery for expedited costs are not permitted and the defendants cost request should be reduced by $450.00 ($198.00 + $252.00 = $450.00) for the expedited deposition transcripts of Shari Belt-Tate and J. Scott Raft.

The plaintiffs object to the costs associated with the videotaping costs requested by the defendant.  The Eleventh Circuit has held that it is proper to award costs for both a videotape and a stenographic transcript of a deposition when a party notices a deposition to be recorded by videotape, or by both stenographic means and videotape, and the other party raises no objection at that time to the method of recording. See Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464-65 & n.5 (11th Cir. 1996) (per curiam). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." Perfect Web Techs., Inc. v. Infousa, Inc., 2009 WL

2407689, at *9 (S.D. Fla. Aug. 4, 2009); see Ferguson, 2007 WL 601921, at *3-*4. In the reply filed by the defendant, the defendant adequately explains the reason that the depositions of Belt-Tate and Raft were taking via video.  The undersigned finds that the defendant is entitled to recover both the stenographic and video costs associated with the depositions of Belt-Tate and Raft.

According to the foregoing discussion regarding fees for printed or electronically recorded transcripts necessarily obtained for use in the case, the undersigned finds that reductions in the amount of $234.00 for CDs, $73.95 for scanning, $100.00 for e-mailed PDFs, and $450.00 for expedited fees, are appropriate, for a total reduction of $857.95. The undersigned recommends that the defendant recover **$8,552.14** for costs related to fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

3. **Fees for Exemplifications and the Costs of Making Copies**

The defendant requests reimbursement in the amount of $383.80 for costs associated with the exemplification and the cost of making copies. 28 U.S.C. § 1920(4) allows for the recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." W&O, Inc., 213 F.3d at 622. The defendant requests $137.54 for copies at $0.15 per copy (which includes sales tax) and $246.26 for copies at $0.17 per copy (which includes sales tax).  The $246.26 request also includes a request in the amount of $1.56 for dividers for tabs and a request in the amount of $90.00 for pick up and delivery.  The plaintiffs argue that the defendant is not entitled to recover any of the costs related to copies, for various reasons, including the fact that

the defendant failed to meet his burden of proving the necessity of the copies, the invoices do not state the number of copies, and the cost of the dividers for tabs and folders and the delivery charges are not recoverable under the statute.  The invoices do state the number of copies made, and the number of copies for which the defendant requests reimbursement (1,689) is a reasonable number of copies for this litigation. The undersigned finds that the defendant demonstrated in his filings that the copies were necessarily obtained for use in the case, and he is entitled to recover reasonable copy costs.  The undersigned finds that the request for 828 copies at $0.15 per copy and the request for 861 copies at $0.17 per copy are both reasonable.

    The costs associated with dividers for tabs, however, are not recoverable under 28 U.S.C. § 1920 (see Powell v. The Home Depot, 2010 WL 4116488, * 16 (S.D. Fla. 2010) where the Court agreed that deductions for "Bates labeling, notebooks, bindings, and tabs must be made because such costs are not permitted by section 1920, and appear to have been incurred for the convenience of counsel.").  The defendant requests $1.56 for the costs associated with dividers for tabs and folders and the cost request should be reduced by $1.56.

    The plaintiffs further argue that the defendant is not entitled to recover the $90.00 he requests for the pick up and delivery of the certain copies.  The undersigned agrees, finding that the $90.00 pick up and delivery charge was for the convenience of the defendant and is not a taxable cost under 28 U.S.C. § 1920.  The undersigned recommends a reduction in the requested copy costs in the amount of $90.00 for the pick up and delivery of certain copies.  The undersigned recommends that the defendant's recovery request for costs associated with the exemplification and the cost

of making copies be reduced by a total of $91.56 ($1.56 for the divider for tabs, and $90.00 for the pick up and delivery of certain copies), and that the defendant recover costs associated with the exemplification and the cost of making copies in the amount of **$292.24**.

In sum, the undersigned recommends that the defendant recover $325.00 for costs associated with the service of summons and subpoena, $8,552.14 for costs associated with the fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and $292.24 for costs associated with the exemplification and the cost of making copies, for a total cost recovery of **$9,169.38**.

## RECOMMENDATION

In accordance with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that the Defendant's Bill of Costs (DE # 139, 11/6/12) be **GRANTED in part and DENIED in part** in accordance with the foregoing Report and Recommendation and that the defendant be awarded *$9,169.38* in costs.  It is hereby further **RESPECTFULLY RECOMMENDED** that the Defendant's Motion for Entitlement to Attorney's Fees (DE #146, 11/29/12) be **DENIED** in accordance with the foregoing Report and Recommendation.

The parties have 14 (fourteen) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald L. Graham, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488

U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

  RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 23rd day of April, 2013.

                 _____
                 JOHN J. O'SULLIVAN
                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Graham
All Counsel of Record